

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 11, 1960

Hon. J. M. Falkner, Commissioner
Department of Banking
Capital National Bank Building
Austin 14, Texas

Opinion No. WW-902

Re: Whether a proposed contract
for use in connection with
sales of funeral merchandise
requires the seller to obtain
a permit from the Banking
Department as provided by
Article 548b, V.C.S.

Dear Mr. Falkner:

You have requested an opinion of this office as to whether a specific, proposed contract, attached to your opinion request, falls within the purview of Article 548b, V.C.S.

The latter mentioned statute, in Section 1 thereof, provides:

"Any. . .corporation. . .desiring to sell prearranged or prepaid funeral services or funeral merchandise (including caskets, grave vaults, and all other articles of merchandise incidental to a funeral service) in this State under a sales contract providing for prepaid burial or funeral benefits or merchandise to be delivered at an undetermined future date dependent upon the death of the contracting party (hereinafter called 'prepaid funeral benefits') shall obtain a permit from the State Banking Department authorizing the transaction of this type of business before entering into any such contract." (Emphasis supplied)

It is to be noted that the statute only concerns itself with funeral or burial merchandise or services "to be delivered at an undetermined future date dependent upon the death of the contracting party." It is the opinion of this Department that the terms of delivery and the nature of the contract are not such that the merchandise and services are to be delivered in such a manner.

This statute was construed in the case of Falkner, et al, v. Memo-

rial Gardens Association, et al, 298 S.W.2d 934 (Tex.Civ.App. 1957, err. ref., n.r.e.)

It is to be noted that the items in Section II of the proposed contract which is the subject matter of your opinion request are identical to certain of the items in the contract involved in the Falkner case, supra. (See Page 937 of opinion). However, the proposed contract does not include the sale of interment services such as the opening and closing of graves, the use of a chapel tent, lowering devices, greens, chairs and other equipment that is usually provided in a graveside service. Furthermore, the proposed contract, although providing for the sale of companionate memorials, individual grave markers and family memorials, does not provide that these grave markers or memorials shall be inscribed with the date of death. These omitted features were included in the contract that was the subject matter of the Falkner decision and were material considerations upon the part of the Court in holding that the contract construed fell within the purview of Article 548b.

There is an additional distinction from the Falkner case. There the contract provided "That at any time after receipt of the full sum set out above, upon request of the Purchaser, his heirs or assigns, it will deliver to the Purchaser, his heirs or assigns, the above items enumerated and designated as purchased, subject to the following terms and conditions;. . ." By contrast, the instant contract provides for a definite schedule of payments in the event that the purchaser desires to pay on the installment plan and further provides in Section V(b) for delivery of the merchandise (no services are sold under this contract), anytime after payment, but not in excess of 90 days, after the payment of the final installment providing that the vendor may waive requirement of full payment as a condition precedent to delivery.

Accordingly, it is the opinion of this Department that the salient features of the contract in question when construed together, manifestly demonstrate that the proposed contract does not fall within the purview of Article 548b, V.C.S.; thus, a permit would not be required from the Banking Commissioner nor would the contract require the Banking Commissioner's approval.

## SUMMARY

The proposed contract for sale of funeral
or burial merchandise, attached to the opinion

request, does not fall within the purview of
Article 548b, V.C.S.

Respectfully submitted,

WILL WILSON
Attorney General of Texas

By _R. V. Loftin, Jr._
R. V. Loftin, Jr.
Assistant Attorney General

RVL/pe

APPROVED:

OPINION COMMITTEE:

Gordon C. Cass, Chairman
Iola Wilcox
J. C. Davis
Wallace P. Finfrock

REVIEWED FOR THE ATTORNEY GENERAL
BY:

Leonard Passmore